# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN BOWMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 17-283 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TIMOTHY KING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Plaintiffs contemporaneously have filed, (1) a Motion (Doc. 12) for default judgment and a damages hearing against the current Defendants; and (2), a Motion (Doc. 13) for leave to amend the complaint to add claims against new defendants. Plaintiffs envision first securing the entry of default judgment against the current Defendants, and then amending the pleadings to assert materially identical claims against new entities. *See* Doc. 13 at ¶ 14.

In the Court's view, Plaintiffs must choose one or the other. Their request for simultaneous rulings raises a number of thorny procedural issues/questions, centering on what effect, if any, the amendment of pleadings may have on the prior entries of Default (*see* Docs. 8 & 10) and the present request for default judgment. *See* Allstate Ins. Co. v. Yadgarov, 2014 WL 860019, *6-13 (E.D.N.Y. Mar. 5, 2014) (addressing a host of issues implicated under the current scenario, including service-related matters, and, more importantly, whether the filing of amended pleadings moots a prior entry of default and current-request for default judgment).

So, Plaintiffs must decide: do they wish to proceed to default judgment against the existing Defendants, in which case, the Court will conduct a damages hearing, and thereafter

enter judgment against Defendants, thus concluding the case;[1] or, do they wish to add new defendants, in which case the Court must suspend default-judgment proceedings, pending service of the new parties and adjudication of their defenses (if any).  See Freedom Med., Inc. v. Gillespie, 2013 WL 12241133, *1 (E.D. Pa. Jul. 23, 2013) ("where defendants are charged jointly, the court may not dispose of the claims against a defaulting defendant prior to resolving the liability of the other non-defaulting defendants") (citing Frow v. De La Vega, 82 U.S. 552 (1872)).

Consistent with the above, Plaintiffs' Motions (**Docs. 12 & 13**) are **DENIED WITHOUT PREJUDICE**, and Plaintiffs shall file a renewed motion reflecting their choice by **January 5, 2018**.

IT IS SO ORDERED.


December 20, 2017                                        s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel Currently of Record

---

[1] The Court notes that, should a damages hearing be held, Plaintiffs' request for punitive damages appears inconsistent with the gist-of-the-action doctrine and/or the unavailability of punitive damages in contract.